**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**EDWIN KEITH ROE,**

        **Petitioner,**

        **v.**

**ERNIE MOORE, WARDEN,
LEBANON CORRECTIONAL
INSTITUTION,**

        **Respondent.**

**CASE NO. 2:13-CV-512
JUDGE ALGENON L. MARBLEY
MAGISTRATE JUDGE KING**

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. 2254. This matter is before the Court on the *Petition,* Doc. No. 1, Respondent's *Motion to Dismiss,* Doc. No. 7, Petitioner's *Response,* Doc. No. 10, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge concludes that this action is barred by the one year statute of limitations established by 28 U.S.C. § 2244(d)(2) and **RECOMMENDS** that Respondent's *Motion to Dismiss*, Doc. No. 7, be **GRANTED** and that this action be **DISMISSED**.

**Facts and Procedural History**

Petitioner's underlying convictions in the Ross County Court of Common Pleas on two counts of aggravated robbery, one count of having a weapon while under disability and one count of unlawful possession of a dangerous ordnance, with firearm specifications and a repeat offender specification, are based on his guilty plea to all counts of an indictment. *Exhibit 2* to *Motion to Dismiss*. On January 7, 1999, the trial court imposed an aggregate sentence of twenty years' incarceration. *Judgment Entry of Sentence*, *Exhibit 3* to *Motion to Dismiss*. Petitioner

1

did not file an appeal from the judgment of the trial court. On June 27, 2008 – *i.e.*, more than nine years later - Petitioner filed the first of various motions and applications in the state courts, alleging that his conviction and sentence violate state and federal law.[1] In considering the *Motion to Dismiss*, the Court need not further discuss those matters.

The *Petition* is dated May 10, 2013, PagedID #13, and was filed on May 22, 2013. The *Petition* presents the following claims, repeated here verbatim:

1. Indictment does not conform with constitutional and Ohio law.

2. Indictment charged no theft offense, which is required by O.R.C.

3. Indictment violated constitutional ban against Double Jeopardy.

4. The Judgement entered by the trial court and indictment returned by grand jury are null and void for lack of subject matter.

Respondent contends, *inter alia*, that this action must be dismissed as untimely. Because this Court agrees, it need not consider Respondent's alternative arguments.

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d) provides**:**

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

---

[1] Petitioner argued that his convictions violate the Double Jeopardy Clause.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the case presently before the Court, Petitioner's judgment of conviction became final on February 6, 1999, *i.e*., 30 days after the trial court's January 7, 1999, *Judgment Entry of Sentence, Exhibit 3* to *Motion to Dismiss*, when the time for filing an appeal from that judgment expired. *See Ohio Appellate Rule 4(A); Keeling v. Warden*, *Lebanon Correctional Inst*., 673 F.3d 452, 460 (6th Cir. 2012) (judgment becomes final at the expiration of the time for pursuing direct review in the state court); *Marcum v. Lazaroff,* 301 F.3d 408, 481 (6th Cir. 2002); *Searcy v. Carter*, 246 F.3d 515, 518–19 (6th Cir. 2001). The statute of limitations began to run the following day (*i.e*., February 8, 1999), and expired one year later, on February 8, 2000. Petitioner waited more than eight years after the statute of limitations had expired - until June 27, 2008 - to initiate a challenge in the state courts to his conviction.  As noted *supra*, the *Petition*

3

was not executed until May 10, 2013 – more than thirteen (13) years after the statute limitations had run.

None of Petitioner's subsequent attempts to collaterally attack his convictions tolled the running of the statute of limitations because Petitioner did not begin to pursue relief until long after the statute of limitations had expired.  *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (The tolling provision of § 2244(d) (2) "does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run").

Petitioner does not argue, nor does the record reflect, facts that would justify equitable tolling of the statute of limitations.  *See Holland v. Florida*, 560 U.S. –, 130 S.Ct. 2549, 2562-63)(2010)(statute of limitations in habeas corpus cases may be tolled where a petitioner has diligently pursued his rights and some extraordinary circumstance prevented him from timely filing his petition.)(*citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Moreover, although actual innocence may justify the equitable tolling of the statute of limitations, S*outer v. Jones,* 395 F.3d 577, 589-90 (6th Cir. 2005), Petitioner does not allege that he is actually innocent of the crimes for which he stands convicted.

In short, the Court concludes that the *Petition* was untimely filed and that this Court cannot, therefore, consider the merits of the claims presented in that *Petition*.

**WHEREUPON,** the Magistrate Judge **RECOMMENDS** that respondent's *Motion to Dismiss*, Doc. No. 7, be **GRANTED** and that this action be **DISMISSED.**

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the

objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

   *s/ Norah McCann King*   
Norah McCann King
United States Magistrate Judge

January 7, 2014