IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**EDWIN KEITH ROE,**

    **Petitioner,**

    **v.**

**ERNIE MOORE, WARDEN,**
**LEBANON CORRECTIONAL**
**INSTITUTION,**

    **Respondent.**

    Case No. 2:13-CV-512
    Judge Marbley
    Magistrate Judge King

<u>ORDER</u>

This action for a writ of habeas corpus under 28 U.S.C. § 2254 was filed on May 22, 2013. The *Petition,* Doc. No. 1, challenges petitioner's 1999 convictions in the Ross County Court of Common Pleas. Respondent moved to dismiss the action as untimely filed, *Motion to Dismiss*, Doc. No. 7, and on January 7, 2014, the United States Magistrate Judge recommended that the *Motion to Dismiss* be granted. *Report and Recommendation,* Doc. No. 11. This matter is now before the Court on petitioner's objection to that recommendation. *Objection*, Doc. No. 13. The Court will consider the matter *de novo*. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

Habeas corpus petitions must be filed within one (1) year from, *inter alia*, the date on which the conviction became final or the date "on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(A), (C). The Magistrate Judge found that petitioner's convictions became final on February 6, 1999, *i.e.,*

1

30 days after the trial court's January 7, 1999 *Judgment Entry of Sentence, Exhibit 3* attached to *Motion to Dismiss*, when the time for filing an appeal from that judgment expired. *See Ohio Appellate Rule 4(A); Keeling v. Warden*, *Lebanon Correctional Inst.*, 673 F.3d 452, 460 (6th Cir. 2012) (judgment becomes final at the expiration of the time for pursuing direct review in the state court); *Marcum v. Lazaroff,* 301 F.3d 408, 481 (6th Cir. 2002); *Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir. 2001). The statute of limitations therefore expired on February 8, 2000. The Magistrate Judge concluded that petitioner's May 2013 habeas corpus action was untimely.

In his *Objection,* petitioner contends that the action was timely because it was filed within one (1) year after the Ohio Supreme Court dismissed his petition for delayed appeal on September 26, 2012. *See Exhibit 19* attached to *Motion to Dismiss*. Petitioner is mistaken.

Petitioner did not file a timely direct appeal from his 1999 convictions. His subsequent efforts to appeal from or collaterally attack his convictions did not begin until June 2008, *see Exhibit 4* attached to *Motion to Dismiss, i.e.,* long after the statute of limitations had expired. Those efforts by petitioner neither tolled nor resurrected the running of the statute of limitations. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (The tolling provision of § 2244(d)(2) "does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run"). Moreover, the calculation of the statute of limitations established in § 2244(d)(1)(C), which refers to a new rule of law recognized by the United States Supreme Court,

2

simply does not apply to action taken by the Ohio Supreme Court on a request for a delayed appeal. In short, the Court agrees that the *Petition* was untimely filed. *See Gonzalez v. Thaler*, -- U.S. --, 132 S.Ct. 641, 654 (2012)("[B]ecause Gonzales did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.").

**WHEREUPON,** petitioner's *Objection*, Doc. No. 13, is **DENIED**. The *Report and Recommendation*, Doc. No. 11, is **ADOPTED AND AFFIRMED**. Respondent's *Motion to Dismiss*, Doc. No. 7, is **GRANTED.** This action is **DISMISSED.**

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT.**

                                        s/Algenon L. Marbley
                                        Algenon L. Marbley
                                   United States District Judge